NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
——————————————————————      :
                            :
SHAR-RIK MOLLEY,            :
                            :    Civil Action No. 13-3770(NLH)
          Plaintiff,        :
                            :
     v.                     :    OPINION
                            :
CHRIS TESCHE,               :
                            :
          Defendant.        :
                            :
——————————————————————      :
```

**APPEARANCES:**

Shar-rik Molley
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ  08330
     Plaintiff pro se

**HILLMAN,** District Judge

        Plaintiff Shar-rik Molley, a pre-trial detainee confined at

the Atlantic County Justice Facility in Mays Landing, seeks to

bring this civil action in forma pauperis.[1]

_____

[1]     This Court previously entered its Opinion and Order [2, 3]
administratively terminating this matter because Plaintiff's
initial application for leave to proceed in forma pauperis was
deficient.  Plaintiff has submitted a new and complete
Application [4] for leave to proceed in forma pauperis.  Based
on his affidavit of indigence and the absence of three
qualifying dismissals within 28 U.S.C. § 1915(g), the Court will
order the Clerk of the Court to re-open this matter, will grant

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions).

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that he and Defendant Chris Tesche were smoking crack together in a bathroom in Atlantic City, New Jersey, when Mr. Tesche offered Plaintiff his cell phone for some more crack.  Plaintiff asserts that he agreed and gave Mr. Tesche some more crack.  According to Plaintiff, when he then tried to leave, Mr. Tesche grabbed Plaintiff's hair and kicked him down the steps, injuring Plaintiff's left foot and right hand.  Plaintiff alleges that he went to a hospital for treatment of his injuries and that police arrested him there because Mr. Tesche had told police that Plaintiff stole Mr. Tesche's cell phone.

---

Plaintiff's Application [4] to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), and will order the Clerk of the Court to file the Complaint.

Plaintiff seeks compensatory damages for his injuries and for his allegedly unjustified arrest and imprisonment.

## II.   ANALYSIS

Federal Rule of Civil Procedure 8(a) requires the plaintiff in a federal action to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends." Federal courts are courts of limited jurisdiction and are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases therefor.  Gonzalez v. Thaler, 132 S.Ct. 641, 648 (2012); Grupo Dataflux v.Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) (Ginsburg, Jr., in dissent, collecting cases); Packard v. Provident National Bank, 994 F.2d 1039, 1049 (3d Cir.), cert. denied sub nom. Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993). Indeed, "a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court ...  must dismiss the case, unless the defect be corrected by amendment." Smith v. McCullough, 270 U.S. 456, 459 (1926), quoted in Drexel University v. Obado, Civil Action No. 13-3052, 2013 WL 2480317, *1 (D.N.J. June 10, 2013).  A court can take no measures to rectify a want of jurisdiction, because the lack of jurisdiction itself precludes asserting judicial power.  See First American Nat'l Bank v.

<u>Straight Creek Processing Co.</u>, 756 F. Supp. 945 (E.D. Va. 1991)
(where diversity of parties is incomplete, court has no
jurisdiction to consider plaintiff's motion to dismiss non-
diverse defendants; rather, court must dismiss action for lack
of jurisdiction).

Plaintiff does not state the basis for asserting federal
jurisdiction over his claim.  However, he has failed to allege
facts sufficient to establish either federal question
jurisdiction, <u>see</u> 28 U.S.C. §§ 1331, or diversity jurisdiction,
<u>see</u> 28 U.S.C. § 1332.

To the extent Plaintiff seeks to assert federal question
jurisdiction, for example, for a claim arising under 42 U.S.C.
§ 1983, he has failed to allege facts establishing a
jurisdictional basis.  More specifically, Section 1983 provides
in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting

4

under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

Here, Plaintiff has failed to allege any facts suggesting that Defendant Tesche is a state actor; to the contrary, he describes him as a professional fighter.  In the absence of any factual allegations that the defendant is a state actor, Plaintiff has alleged merely that a private citizen assaulted him and filed a false police report against him, torts under state law.  This does not state a claim for a violation, by a state actor, of a right secured by the Constitution or laws of the United States.

Alternatively, Section 1332 can provide jurisdiction over state-law civil actions if, in the provision pertinent here, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different States."  It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, i.e., each plaintiff must be a citizen of a different state from each defendant.  Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt, Inc., 316 F.3d 408, 410 (3d Cir. 2003).

A plaintiff, as the party asserting diversity jurisdiction, "must specifically allege each party's citizenship, and these

allegations must show that the plaintiff and defendant are citizens of different states." See American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); see also Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction"). See Gay v. Unlever Trumbull, C.T., Civil Action No. 11-5929, 2013 WL 2338604, *3 (D.N.J. May 28, 2013) (citing American Motorists Ins. and Universal Reinsurance).

> Specifically with respect to individuals,

> For purposes of determining diversity, state citizenship is equated with domicile.  Domicile, however, is not necessarily synonymous with residence; one can reside in one place and be domiciled in another.  Residence and an intent to make the place of residence one's home are required for citizenship and to establish a new domicile.  Although the analysis is necessarily case specific, courts have looked to certain factors, including state of employment, voting, taxes, driver's license, bank accounts and assets, and civic and religious associations in determining the citizenship of an individual. ...

McCracken v. Murphy, 328 F.Supp.2d 530, 532 (E.D. Pa. 2004) (citations omitted), aff'd, 129 F.App'x 701 (3d Cir. 2005). "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state." McCracken, 328

F.Supp.2d at 532 (citing <u>Flanagan v. Shively</u>, 783 F.Supp. 922, 935 (E.D. Pa.), <u>aff'd</u>, 980 F.2d 722 (3d Cir. 1992)).

Here, Plaintiff has alleged that his address is the address of the Atlantic County Justice Facility.  The fact of incarceration in New Jersey, however, is insufficient to establish his citizenship.  In addition, the only allegation regarding the citizenship of Defendant Tesche is that he may work in Longport, New Jersey.  Again, this allegation is not sufficient to establish Defendant Tesche's citizenship for purposes of federal diversity jurisdiction.

The Court is mindful that Plaintiff appears here <u>pro</u> <u>se</u> and that, therefore, the Complaint is to be held to less stringent standards than formal pleadings drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  Nonetheless, the Court can discern no basis for asserting jurisdiction over this action.

Accordingly, the Complaint is subject to dismissal without prejudice for failure to plead facts establishing jurisdiction. If Plaintiff can assert facts establishing jurisdiction, he may apply to re-open this matter, attaching to any such application an appropriate proposed amended complaint.

V.  <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed without prejudice, for lack of jurisdiction.  However, because it is conceivable that Plaintiff may be able to

supplement his pleading with facts sufficient to establish

jurisdiction, the Court will grant Plaintiff leave to file an

application to re-open accompanied by a proposed amended

complaint.[2]  An appropriate order follows.



At Camden, New Jersey                    s/Noel L. Hillman
                                  _____
                                  Noel L. Hillman
                                  United States District Judge

Dated:  June 24, 2014

---

[2]     Plaintiff should note that when an amended complaint is
filed, it supersedes the original and renders it of no legal
effect, unless the amended complaint specifically refers to or
adopts the earlier pleading.  See West Run Student Housing
Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171
(3d Cir. 2013) (collecting cases).  See also 6 Charles Alan
Wright & Arthur R. Miller, Federal Practice and Procedure § 1476
(3d ed. 2008).  To avoid confusion, the safer practice is to
submit an amended complaint that is complete in itself.  Id.